UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TAMIKO P. WALKER,

     Plaintiff,

v.

LAW OFFICES OF ROSS GELFAND, LLC,

     Defendant.

_____/

## **COMPLAINT**
## **JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## **JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## **PARTIES**

3.    Plaintiff, TAMIKO P. WALKER, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, LAW OFFICES OF ROSS GELFAND, LLC, is a limited liability company and citizen of the State of Georgia with its principal place of business at Suite 150, 1265 Minhinette Drive, Roswell, Georgia 30075.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8.      Defendant made telephone calls to Plaintiff in an effort to collect an alleged debt arising from transactions incurred for personal, family or household purposes.

9.      Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

August 31, 2009
Human Caller: Hello, this message is for Gustavo. Gustavo, this is (inaudible) Ferguson. I—I do need you to please give me a call back, Gustavo. You can reach me, my number here is 1-800-899-4353.
Pre-Recorded Message: Goodbye.

10.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

2

11.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See _Berg v. Merchs. Ass'n Collection Div_., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12.     Some of the messages use a pre-recorded or artificial voice.

13.     Some of the messages appear to be seeking to collect a debt from a

"Gustavo".

14.     Plaintiff is not liable for the debt of any "Gustavo", nor does Plaintiff

have any knowledge of a "Gustavo".

15.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

16.     Plaintiff did not expressly consent to Defendant's placement of

telephone calls to Plaintiff's cellular telephone by the use of an automatic

telephone dialing system or a pre-recorded or artificial voice prior to Defendant's

placement of the calls.

17.     None of Defendant's telephone calls placed to Plaintiff were for

"emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

19.     Plaintiff incorporates Paragraphs 1 through 18.

3

20.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

21.     Plaintiff incorporates Paragraphs 1 through 18.

22.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

4

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

**COUNT III**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

23.     Plaintiff incorporates Paragraphs 1 through 18.

24.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     a declaration that Defendant's calls violate the TCPA;

      c.     a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent; and

      d.     Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com


> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658